**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SUSAN SZYKOWNY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 6694 |
| | ) | Consolidated with |
| v. | ) | 14 C 7091 |
| | ) | 14 C 7092 |
| FREEDMAN ANSELMO LINDBERG LLC | ) | 14 C 7371 |
| and PORTFOLIO RECOVERY ASSOCIATES, | ) | 14 C 7373 |
| L.L.C., | ) | 14 C 7812 |
| | ) | 14 C 8173 |
| Defendants. | ) | 14 C 8175 |
| | ) | 14 C 8217 |
| | ) | |
| | ) | Judge Harry D. Leinenweber |
| | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION FOR**
**JUDGMENT ON THE PLEADINGS**

Defendants, FREEDMAN ANSELMO LINDBERG, LLC ("FAL") and PORTFOLIO

RECOVERY ASSOCIATES, LLC ("PRA"), by and through their attorneys Hinshaw & Culberson,

LLP, pursuant to Federal Rule of Civil Procedure 12(c), move for judgment on the pleadings and for

their memorandum in support thereof, state, and state as follows:

**INTRODUCTION AND SUMMARY OF THE PLEADINGS**

On October 17, 2014, Plaintiff, Susan Szykowny, filed the instant action against FAL and

PRA (collectively "Defendants") alleging that Defendants violated the Fair Debt Collection Practices

Act ("FDCPA"), 15 U.S.C. § 1692i and the Illinois Consumer Fraud and Deceptive Practices Act

("ICFA"), 815 ILCS 505/1, et. seq.,[1] because Defendant FAL issued a citation to discover assets in

the collection case against her in an allegedly inconvenient municipal district. (Dkt. #1).

---

[1] Defendants filed a motion to dismiss Count III, Plaintiff's ICFA claim, on December 5, 2014. This motion is fully
briefed and pending ruling.

On September 11, 2013, Defendants filed a collection suit against Plaintiff in the Richard J. Daley Center Courthouse of the Circuit Court of Cook County, Illinois, First Municipal District. (Dkt. #1). Plaintiff was served with the collection suit on October 5, 2013. (Cook County Sheriff Civil Process, attached hereto as Exhibit A). On October 29, 2013, the state court entered judgment against Plaintiff in the collection suit. (Cook County Trial Call Order, attached hereto as Exhibit B). On May 1, 2014, after Defendants obtained a judgment against Plaintiff, the state court issued a citation to discover assets to satisfy the judgment against Plaintiff. (Citation to Discover Assets to Third Party, attached hereto as Exhibit C).

The FDCPA has a one year statute of limitations. *See* 15 U.S.C. § 1692k(d). In a number of well-reasoned opinions, the Northern District of Illinois has made it overwhelmingly clear that the statute of limitations begins to run when the collection case upon filing or service of the complaint. *Komisar v. Blatt Hassenmiller Leibsker & Moore, LLC*, No. 14-cv-7948 (N.D. Ill. Jan. 29, 2015); *Smith v. Markoff Law, LLC,* No. 14-cv-7809 (N.D. Ill. Feb. 4, 2015); *Padilla v. Blatt, Hasenmiller, Leibsker & Moore LLC*, No. 14-cv-07650 (N.D. Ill. Feb. 5, 2015); *Jackson v. Blitt & Gaines, P.C., et al.*, No. 14-cv-8625 (N.D. Ill. Feb, 18, 2015), *appeal docketed*, No. 15-1573 (7th Cir. Mar. 17, 2015); *Henciek v. Law Office of Keith S. Shindler, LTD.* No. 14-cv-7149 (N.D. Ill. March 3, 2015); *Mako v. Blatt, Hasenmiller, Liebsker and Moore, LLC*, No. 14-cv-09600 (N.D. Ill. Jan. 20, 2015); *Ford v. Blatt Hassenmiller Leibsker & Moore, LLC*, No. 14-cv-09601 (N.D. Ill. Feb. 4, 2015); *Etro v. Blitt & Gaines, P.C.* No. 14-cv-8924 (N.D. Ill. Mar. 18, 2015), orders and transcripts attached hereto as Group Exhibit D. Here, the collection suit was filed on September 11, 2013, and Defendant FAL served the debtor on October 5, 2013. Plaintiff's claim is time-barred.

To the extent Plaintiff's theory is that Defendant FAL's issuance of a citation to discover assets triggers the start of the statute of limitations, this Court has rejected this theory. This Court has outright rejected plaintiff's contention that a continuation of litigation can support a §1692i

2

claim. *See Jackson*, No. 14-cv-8626; *Henciek*. No. 14-cv-7149; *Etro*, No. 14-cv-8924. Thus, the issuance of a citation to discover assets within a collection case constitutes as a mere continuation of the collection suit.

## ARGUMENT

### I.    Standard of review.

Under Rule 12(c), "a party can move for judgment on the pleadings after the filing of the complaint and answer." *Supreme Laundry Serv., LLC v. Hartford Cas. Ins., Co.*, 521 F.3d 743, 746 (7th Cir. 2008). A motion for judgment on the pleadings should be granted "when it appears beyond a doubt that the plaintiff cannot prove any set of facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Id.* The Seventh Circuit has explained that, for purposes of a Rule 12(c) motion, the pleadings consist of "the complaint, the answer, and any written instruments attached as exhibits." *Northern Indiana Gun Shows v. City of South Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998). See also Fed.R.Civ.P. 10(c)[2] ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.") "Written instrument" is construed broadly to include such things as affidavits, letters, contracts, and loan documents. *Northern Indiana Gun Shows*, 163 F.3d at 453; *Langone v. Miller*, 631 F.Supp.2d 1067, 1070 (N.D.Ill. 2009).

### II.    Plaintiff's claims are time barred by the FDCPA's one year statute of limitations.

---

[2] Although this motion is brought pursuant to Rule 12(c), defendant is permitted to attach documents to motions brought pursuant to Rule 12(b)(6) as well. The Seventh Circuit has explained that the exception allowing Courts to consider matter in addition to the complaint "has been thought to follow from Rule 10(c); the concern is that, were it not for the exception, the plaintiff could evade dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that proved that his claim had no merit." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *see also, Duferco Steel Inc. v. M/V Kalisti*, 121 F.3d 321, 324 F.3 (7th Cir. 1997) ("We can, of course, also consider the bills of lading and the charter party because, although Duferco failed to attach these vital documents to its complaint, Tomazos attached them to its motion to dismiss").

131018176v1 0965767

Section 1692i of the FDCPA states, in relevant part, that "any debt collector who brings any legal action on a debt against any consumer shall bring such action only in the judicial district or a similar legal entity (a) in which such consumer has signed the contract sued upon; or (b) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2).

Plaintiff's claim hinges on what constitutes "legal action" under Section 1692i. Although the FDCPA does not define the term, this Court recently found in nearly identical cases that "legal action" means the commencement of the litigation for purposes of Section 1692i(2). *Komisar*, No. 14-cv-7948; *Smith, LLC*, No. 14-cv-7809; *Padilla*, No. 14-cv-07650; *Jackson*, No. 14-cv-8626; *Henciek*, No. 14-cv-7149; *Mako*, No. 14-cv-09600; *Ford*, No. 14-cv-09601, orders and transcripts attached hereto as <u>Group Exhibit D</u> . This conclusion supports the findings of this Court and others within the Seventh Circuit in holding that it is the commencement of the litigation that starts the statute of limitations clock under the FDCPA. Plaintiff demands that this Court contradict these cases and instead find that the filing of a citation to discover assets somehow restarts the FDCPA's one year statute of limitations and therefore constitutes a violation of Section 1692i. (Dkt. #1).

A.    **The FDCPA's one year statute of limitations begins to run upon the filing or service of the complaint.**

Plaintiff claims that that the circuit court's issuance of a citation to discover assets was a new legal action so as to save her time-barred claim. (Dkt. #1). No Illinois court has recognized the issuing of a citation to discover assets as the time that the FDCPA's statute of limitations beings to run. Contrary to Plaintiff's allegations, the case law provides that the filing or service of the collection complaint triggers the FDCPA's one year statute of limitations. *See Komisar*, No. 14-cv-7948 (ruling the limitations period begins when a collection action is filed in an allegedly improper venue); *Smith,* No. 14-cv-7809 (same); *Padilla*, No. 14-cv-07650 (ruling that the initiation of a legal action marks the beginning of the statute of limitations period); *Jackson*, No. 14-cv-8626 (same); *Henciek,* No. 14-cv-7149 (stating that the filing of a collection suit or its service starts the clock for

the FDCPA's statute of limitations); *Mako*, No. 14-cv-09600 (same); *Ford*, No. 14-cv-09601 (stating the statute of limitations begins to run on the date); *Terech v. First Resolution Mgmt. Corp.*, 854 F. Supp. 2d 537, 546 (N.D. Ill. 2012) (stating that the filing of a collection suit or its service starts the clock for the FDCPA's statute of limitations); *Judy v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 2010 WL 431484, at *4 (N.D. Ill. Jan. 29, 2010)(same).

Courts have held that further action taken in the collection case, such as the issuing of a citation to discover assets, does not constitute a separate legal action but is rather a continuation of the original suit. *See Komisar*, No. 14-cv-7948, at *2 (stating that the continuing violation doctrine could not save the plaintiff's complaint because the statute of limitations begins to run upon injury and is not tolled by subsequent injuries); *Henciek*, No. 14-cv-7149, at *3 (stating that a straightforward reading of section 1692i(a)(2) precludes the argument that causing the entry of a default judgment re-starts the running of the statute of limitations); *Jackson*, No. 14-cv-8626 (standing for the proposition that a post-judgment action cannot trigger the FDCPA venue provision); *Judy*, 2010 WL 431484, at *4 (N.D. Ill. Jan. 29, 2010) (allegations that debt collector continued to prosecute the collection action accrued at the filing of the collection action and did not toll the statute of limitations; dismissal of the collection action was merely the "final manifestation" of the wrongful filing); *Jones v. US Bank National Association*, No. 10 C 0008, 2011 WL 814901 at *5 (N.D. Ill. Feb. 25, 2011) ("continuing to prosecute the Foreclosure Case is not itself a discrete debt collection activity sufficient to toll or restart the statute of limitations."); *Ball v. Ocwen Loan Servicing, LLC*, No. 1:12-cv-0604, 2012 WL 1745479, at *4 (N.D. Oh. May 16, 2012) ("Courts have found that maintaining a lawsuit is not a 'continuing violation' tolling the limitations period."). The issuing of a citation to discover assets is a continuation of the collection suit, and thus, Plaintiff's claim is time-barred.

131018176v1 0965767

Recently, in *Padilla*, Judge Kocoras rejected the argument that the entry of a final judgment begins the statute of limitations clock. *See Padilla*, No. 14-cv-07650. The Court reasoned that the initiation of a legal action is precisely what the FDCPA venue provision makes unlawful and, therefore, marks the beginning of the statute of limitations period. *Id.* at 5. Here, Plaintiff's argument is of the exact nature as that that Judge Kocoras dismissed. The entry of a final judgment is further litigation just as is an issuance of a citation to discover assets. Causing a court to issue a citation to discover assets does not initiate the legal action. It is an action that a party takes after obtaining a valid and enforceable judgment in the already initiated action. Holding otherwise would require this Court to rule that all orders entered and actions taken by a state court judge within a collection case constitute a "legal action" as defined by the FDCPA.

This Court also recently stated that both the venue provision of the FDCPA and the statute of limitations use the words "bring" and "legal action" refer to the filing of a complaint. *See Komisar*, No. 14-cv-07948. This Court reasoned that "brought" in the limitations context means "filed" and that there is no basis to believe that "bring" or "action" has a different meaning in section 1692i of the FDCPA than it does in section 1692k of the FDCPA. *Id.*

In *Komisar*, Judge Virginia Kendall held that, "The limitations period begins when a collection action is filed in an allegedly improper venue." *Komisar,* No. 14-cv-7948, p. 2. In that case, as in *Mako* (and *Ford*, No. 14-cv-09601 and *Smith,* No. 14-cv-7809, for that matter)*,* the plaintiff asserted that the date of ex parte judgment was the date the alleged FDCPA violation occurred, thereby triggering the statute of limitations. *Id.* The *Komisar* court rejected that argument and explained that, "The entry of judgment was not the event that allowed 'a series of wrongful acts [to blossom] into an injury on which suit [could] be brought' and likewise was not a new and separate 'legal action,' but simply incident to the legal action that did trigger the limitations period." *Id.*; *See also Ford,* No. 14-cv-09601; *Smith,* No. 14-cv-7809.

6

Similarly, here, causing a citation to discover assets is not the "event that allowed 'a series of wrongful acts [to blossom] into an injury on which suit [could] be brought'" and thus does not re-start the statute of limitations. *See Komisar,* No. 14-cv-7948. Rather, this action was incident to the legal action that triggered the limitations period. The law in this District is well-settled, and it vitiates Plaintiff's claim.

**B.** **Plaintiff cannot state a claim for a violation of § 1692i based on the issuance of a citation to discover assets.**

The crux of Plaintiffs argument is that Defendants violated 15 U.S.C § 1692i, the FDCPA's venue provision, by causing a citation to discover assets to be issued in the collection case. This argument fails for several reasons.

This Court recently granted a motion to dismiss an almost identical lawsuit, noting that the commentary of the FDCPA supports the conclusion that the venue provision does not control in post-judgment enforcement proceedings. *Jackson,* No. 14-cv-8626. The Court reasoned that the FDCPA venue provision is necessary to protect the debtor from abusive practices in obtaining judgments. *Id.* After the creditor has obtained a lawful judgment, "the debtor has had an opportunity to defend on his home turf." *Id.* Here, the citation to discover assets is a mechanism to enforce the judgment that the creditor has already obtained. Plaintiff can only be protected by the FDCPA's venue provision when the collection case was initially commenced.

This conclusion is "supported by Illinois law which views garnishment as an action against the garnishee, not the debtor." *Jackson,* No. 14-cv-8626 citing *Finch v. Alexander Cnty. Nat. Bank,* 65 Ill. App. 337 (1896)("many of the courts that have decided cases against the debtor on the venue issue have pointed out that a contrary holding would prevent collection efforts against the employers, banks, or other entities holding assets of the debtor who are not amenable to service summons in the debtor's judicial district"). *Id.; See also Etro,* No. 14-cv-8924 (ruling that a wage

7

deduction action was not "any legal action on a debt against any consumer" and does not trigger the FDCPA venue requirements).

In *Henciek*, Judge Kendall ruled that the entering of a default judgment did not trigger the running of the statute of limitations nor did the filing of an affidavit for wage deduction restart the running of the statute of limitations. The Court held that a straightforward reading of the venue provision of the FDCPA precludes arguing that anything other than the initiation of a legal action is a violation of § 1692i(a)(2). *Id.* Here, Plaintiff argues that the issuance of a citation to discover assets is the event that triggers the statute of limitations in an effort to evade bringing a time barred lawsuit. Plaintiff makes an identical attempt to escape her statute of limitations issue as did the plaintiff in *Henciek*. Both attempts must fail.

*Jackson* and *Henciek* uniformly held that post judgment enforcement proceedings do not constitute "legal action" under § 1692i. *Etro* went one step further and held that a post judgment proceeding is not "any legal action on a debt against any consumer" under the § 1692i. For the same reasoning, Plaintiff's claim should be dismissed, as it falls outside the purview of the FDCPA's venue provision.

Thus, the causing of a citation to discover assets to be issued does not restart the statute of limitations nor is it a continuing violation. In light of this Court's recent decisions interpreting the FDCPA venue provision, Plaintiff's Complaint should be dismissed.

## CONCLUSION

The case law is clear. Plaintiff's claims are barred by the statute of limitations. Plaintiff has not, and indeed cannot, explain how this case is any different than the cases dismissed by this Court. Consistent with these well-reasoned opinions, this Court should dismiss the instant case, as it is barred by the FDCPA's one year statute of limitations.

131018176v1 0965767

WHEREFORE, Defendants, ANSELMO LINDBERG OLIVER, LLC (formally known as Freedman Anselmo Lindberg, LLC) and PORTFOLIO RECOVERY ASSOCIATES, LLC, respectfully request this Court grant Defendants' motion for judgment on the pleadings and dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(c) and award any other relief this court deems appropriate.

Respectfully submitted,

| | |
|---|---|
| ANSELMO LINDBERG OLIVER, LLC, Defendant | PORTFOLIO RECOVERY ASSOCIATES, LLC, Defendant |
| /s/ Jonathon D. Drews | /s/ Lindsey A.L. Conley |
| Jonathon D. Drews | Lindsey A.L. Conley |
| Justin M. Penn | David M. Schultz |
| Jonathon D. Drews | Avanti D. Bakane |
| Hinshaw & Culbertson LLP | Lindsey A.L. Conley |
| 222 North LaSalle Street, Suite 300 | Hinshaw & Culbertson LLP |
| Chicago, IL 60601-1081 | 222 North LaSalle Street, Suite 300 |
| Tel: 312-704-3000 | Chicago, IL 60601-1081 |
| E-mail:jdrews@hinshawlaw.com | Tel: 312-704-3000 |
| | E-mail:lconley@hinshawlaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2015, I electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois Eastern Division, the foregoing **Defendants' Memorandum of Law in Support of their Motion for Judgment on the Pleadings** by using the CM/ECF system, which will send notification of such filing(s) to:

Charles Magerski
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oakbrook, IL 60523
E-mail: cmagerski@sulaimanlaw.com

/s/ Lindsey A.L. Conley

9

131018176v1 0965767