**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JULIA MALDONADO, | )<br>) |
| Plaintiff, | )<br>) No. 14 C 6694 |
| v. | ) Motion for:<br>) 14 C 7371 |
| FREEDMAN ANSELMO LINDBERG LLC, | )<br>) Judge Harry D. Leinenweber |
| Defendant. | )<br>)<br>) |

## CAVALRY SPV I, LLC'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant, Cavalry SPV I, LLC, ("Cavalry" of "Defendant"), by and through its attorneys David M. Schultz, Justin M. Penn, and Palak N. Shah of Hinshaw & Culberson, LLP, respectfully requests this Court grant its Motion for Summary Judgment in *Ratcliff v. Freedman Anselmo Lindberg, LLC and Cavalry SPV I LLC,* 14-cv-7371, pursuant to Federal Rule of Civil Procedure 56 and in support thereof states as follows:

### INTRODUCTION

Cavalry adopts and incorporates Defendant Freedman Anselmo Lindberg, LLC's ("FAL") arguments and authorities set forth in FAL's Motion and Memorandum of Law in Support of its Motion for Summary Judgment. In addition, Cavalry asserts the following:

### ARGUMENT

**A.  Cavalry's alleged violation was unintentional and the result of a bona fide error.**

Cavalry is entitled to summary judgment under the FDCPA's bona fide error affirmative defense. Just yesterday, Judge Bucklo granted summary judgment in a nearly identical case in favor of a debt collector based on its bona fide error defense. *See Oliva v. Blatt, Hasenmiller, Leibsker, & Moore, LLC*, No. 14-cv-6447 (N.D. Ill. Mem. Op. & Order dated July 14, 2015, Dkt. #36). In *Oliva,*

this Court reasoned that "nothing in *Suesz* suggests that the Seventh Circuit intended to (1) make its holding retroactive to debt collectors, like Defendant, who relied on *Newsom* when deciding where to sue Cook County residents and (2) unleash a torrent of FDCPA suits in which those same debt collectors would be held liable for doing something that *Newsom* expressly permitted." *Id.* at p. 10.

"A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. §1692k(c). Cavalry satisfies all criteria. *See Oliva*, 14-cv-6447, Dkt. #36.

It was reasonable for Cavalry to rely, in good faith, on the law firm retained (i.e. FAL) to file a collection suit to recover Plaintiff's outstanding financial obligation. The Seventh Circuit as well as others have recognized that a debt collector's reliance upon third parties is acceptable and therefore, reasonable, and thus falls squarely within the FDCPA's bona fide error defense. *See Hyman v. Tate*, 362 F.3d 965, 968 (7th Cir. 2004) (finding that § 1692k(c) only requires collectors to adopt reasonable procedures, and it would not be reasonable to require the collection firm to independently confirm that the accounts forwarded by the bank were not in bankruptcy, where the bank, in the first instance, limited the accounts forwarded to those not in bankruptcy); *Jenkins v. Heintz*, 124 F.3d 824, 834 (7th Cir. 1997) (declining to require debt collectors to independently investigate the charge for which recovery is sought and similarly declining to require them to "routinely investigate and evaluate the legal liability of the debtor for charges imposed by [defendants'] clients...."); *see also Clark v. Capital Credit & Collection Services,* 460 F.3d 1162, 1174 (9th Cir. 2006 (explaining that to satisfy the obligation under section 1692g of verifying the debt upon the consumer's request, the debt collector may simply confirm with the creditor client the amount of the debt being claimed; it is not required to obtain detailed evidence of the debt).

It is axiomatic that where it is reasonable for a debt collector to rely on its client for consumer information, it is similarly reasonable for a collector to rely on a collection law firm to properly file suit on its behalf. This is particularly so here where, like Cavalry, FAL is regulated by the FDCPA, whereas a creditor client falls outside of the statute's ambit. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004) (explaining that a distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all); *see also Heintz v. Jenkins*, 514 U.S. 291, 299 (1995) (agreeing with the Seventh Circuit that the FDCPA applies to attorneys who regularly engage in consumer-debt-collection activity).

Thus, FAL is required to and, in fact does, keep abreast of developments in FDCPA law, thereby underscoring Cavalry's reliance on FAL to comply with same. *See Chaudry v. Gallerizzo,* 174 F.3d 394, 406 (4th Cir.1999) (holding that attorney was not obligated to obtain copies or bills or other detailed evidence of the debt); *Shubin v. Midland Credit Management, Inc., et al.*, No. CV 07-8033, 2008 WL 5042849 (C.D. Cal. Nov. 24, 2008) (stating that to determine whether the debt was time-barred, the defendant collection law firm reasonably and necessarily relied on its client for the date of last payment and accordingly holding that the law firm's mistaken statement regarding the date was a bona fide error); *see e.g. Smith v. Transworld Systems, Inc.,* 953 F.2d 1025, 1032 (6th Cir. 1992), *cited approvingly in Clark,* 460 F.3d at 1177.

As explained in great detail in FAL's Memorandum of Law, and as this Court has already agreed, FAL followed the Seventh Circuit's well established and long existing interpretation of §1692i under *Newsom v. Friedman*, 67 F.3d 813 (7th Cir. 1996). *See Oliva*, 14-cv-6447, Dkt. #36. Moreover, FAL has robust procedures in place to verify the debtor's address and to comply with the existing law. *See FAL's Memorandum of Law; see also Jenkins*, 124 F.3d at 834 (affirming the district court's award of summary judgment to the defendant debt on its bona fide error defense, where the defendant offered unrebutted evidence of the procedures followed when preparing to file suit to

3

collect a debt to avoid errors and omissions that could result in an FDCPA violation). Not only was it reasonable for FAL to rely on well-established (and nearly 20-year-old) Seventh Circuit precedent, *see Oliva*, 14-cv-6447, Dkt. #36, but it was similarly reasonable for Cavalry to rely on FAL to follow the law when filing suit on its behalf.

## CONCLUSION

Cavalry was relying on FAL which was abiding by and following well established law at the time the collection case was filed. Under these circumstances, Cavalry is entitled to judgment as a matter of law under the FDCPA's bona fide error defense. In light of the foregoing, Cavalry SPV I, LLC, respectfully requests that this Court enter summary judgment in its favor and against Plaintiff.

| | |
|---|---|
| David M. Schultz<br>Justin M. Penn<br>Palak N. Shah<br>HINSHAW & CULBERTSON LLP<br>222 N. LaSalle Street, Suite 300<br>Chicago, IL 60601<br>dschultz@hinshawlaw.com<br>jpenn@hinshawlaw.com<br>pshah@hinshawlaw.com<br>Phone No.: 312-704-3000 | Respectfully Submitted,<br><br>Cavalry SPV I, LLC<br><br><br>By: */s/Palak N. Shah*<br>One of Its Attorneys |

4

**CERTIFICATE OF SERVICE**

I hereby certify that on __, 2015, I electronically filed the foregoing Statement of Material Facts in Support of Motion for Summary Judgment by using the CM/ECF system, which will send notification of such filing(s) to all counsel of record.

*/s/Palak N. Shah*
Palak N. Shah
Hinshaw & Culbertson LLP
222 N. LaSalle St., Suite 300
Chicago, IL 60601-1081
Tel: 312/704-3000
Fax: 312/704-3001

131111284v1 2832