IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIA MALDONADO, ) | |
| ) | No. 14 C 6694 |
| Plaintiff, ) | Motion for: |
| ) | 14 C 7812 |
| ) | 14 C 10176 |
| v. ) | 15 C 00558 |
| ) | |
| FREEDMAN ANSELMO LINDBERG LLC; ) | Hon. Harry D. Leinenweber |
| ) | |
| Defendant. ) | |

**PORTFOLIO RECOVERY ASSOCIATES, LLC'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant, Portfolio Recovery Associates, LLC ("PRA"), by its attorneys David M. Schultz, Avanti D. Bakane, and Lindsey A.L. Conley of Hinshaw & Culbertson LLP, respectfully requests this Court grant its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and in support thereof states as follows:

**INTRODUCTION**

PRA adopts and incorporates Defendant Freedman Anselmo Lindberg, LLC's ("FAL") arguments and authorities set forth in FAL's Motion and Memorandum of Law in Support of its Motion for Summary Judgment (Dkt. #61) for cases:

1. *Adams, Michael v. Freedman Anselmo Lindberg, LLC and Portfolio Recovery Associates*, LLC (14-cv-7812)
2. *Oliver, George v. Freedman Anselmo Lindberg, LLC and Portfolio Recovery Associates, LLC* (15-cv-00558)

Additionally, and on separate grounds, PRA moves for Summary Judgment in:

3. *Delitz, Damita v. Portfolio Recovery Associates, LLC,* (15-cv-10176).

In support, PRA asserts the following:

# ARGUMENT

**I.      Supplemental Argument in Support of Summary Judgment in Adams v. FAL and PRA (14-cv-7812) and Oliver v. FAL and PRA (14-cv-0558).**

      **A.      PRA's alleged violation was unintentional and the result of a bona fide error.**

PRA adopts and incorporates FAL's Memorandum of Law in support of the instant Motion and additionally asserts that it is entitled to summary judgment for the following reasons; PRA is entitled to summary judgment under the FDCPA's bona fide error affirmative defense. Just yesterday, Judge Bucklo granted summary judgment in a nearly identical case in favor of a debt collector based on its bona fide error defense. *See Oliva v. Blatt, Hasenmiller, Leibsker, & Moore, LLC*, No. 14-cv-6447 (N.D. Ill. Mem. Op. & Order dated July 14, 2015, Dkt. #36). In *Oliva*, this Court reasoned that "nothing in *Suesz* suggests that the Seventh Circuit intended to (1) make its holding retroactive to debt collectors, like Defendant, who relied on *Newsom* when deciding where to sue Cook County residents and (2) unleash a torrent of FDCPA suits in which those same debt collectors would be held liable for doing something that *Newsom* expressly permitted." *Id.* at p. 10.

"A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. §1692k(c). To qualify for the bona fide error defense, a defendant must show: (1) the presumed FDCPA violation was not intentional; (2) the presumed FDCPA violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid any such error. *Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 537 (7th Cir. 2005). Defendant satisfies all criteria. *See Oliva*, 14-cv-6447, Dkt. #36.

Additionally, it was reasonable for PRA to rely, in good faith, on the law firm retained (i.e. FAL) to file a collection suit to recover Plaintiffs' outstanding financial obligation. (FAL's Statement of Material Facts Dkt#64, ¶6). The Seventh Circuit as well as others have recognized that a debt

2

collector's reliance upon third parties is acceptable and therefore, reasonable, and thus falls squarely within the FDCPA's bona fide error defense. *See Hyman v. Tate*, 362 F.3d 965, 968 (7th Cir. 2004) (finding that §1692k(c) only requires collectors to adopt reasonable procedures, and it would not be reasonable to require the collection firm to independently confirm that the accounts forwarded by the bank were not in bankruptcy, where the bank, in the first instance, limited the accounts forwarded to those not in bankruptcy); *Jenkins v. Heintz*, 124 F.3d 824, 834 (7th Cir. 1997) (declining to require debt collectors to independently investigate the charge for which recovery is sought and similarly declining to require them to "routinely investigate and evaluate the legal liability of the debtor for charges imposed by [defendants'] clients...."); *see also Clark v. Capital Credit & Collection Services,* 460 F.3d 1162, 1174 (9th Cir. 2006 (explaining that to satisfy the obligation under section 1692g of verifying the debt upon the consumer's request, the debt collector may simply confirm with the creditor client the amount of the debt being claimed; it is not required to obtain detailed evidence of the debt).

It is axiomatic that where it is reasonable for a debt collector to rely on its client for consumer information, it is similarly reasonable for a collector to rely on a collection law firm to properly file suit on its behalf. This is particularly so here where, like PRA, FAL is regulated by the FDCPA, whereas a creditor client falls outside of the statute's ambit. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004) (explaining that a distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all); *see also Heintz v. Jenkins*, 514 U.S. 291, 299 (1995) *(*agreeing with the Seventh Circuit that the FDCPA applies to attorneys who regularly engage in consumer-debt-collection activity).

Thus, FAL is required to and, in fact does, keep abreast of developments in FDCPA law, thereby underscoring PRA's reliance on FAL to comply with same. *See Chaudry v. Gallerizzo,* 174 F.3d 394, 406 (4th Cir.1999) (holding that attorney was not obligated to obtain copies or bills or other

3

detailed evidence of the debt); *Shubin v. Midland Credit Management, Inc., et al.*, No. CV 07-8033, 2008 WL 5042849 (C.D. Cal. Nov. 24, 2008) (stating that to determine whether the debt was time-barred, the defendant collection law firm reasonably and necessarily relied on its client for the date of last payment and accordingly holding that the law firm's mistaken statement regarding the date was a bona fide error); *see e.g. Smith v. Transworld Systems, Inc.,* 953 F.2d 1025, 1032 (6th Cir. 1992), *cited approvingly in Clark,* 460 F.3d at 1177.

What is more, FAL has robust procedures in place to verify the debtor's address and to comply with the existing law. *See infra; see also Jenkins*, 124 F.3d at 834 (affirming the district court's award of summary judgment to the defendant debt on its bona fide error defense, where the defendant offered unrebutted evidence of the procedures followed when preparing to file suit to collect a debt to avoid errors and omissions that could result in an FDCPA violation). Not only was it reasonable for FAL to rely on well-established (and nearly 20-year-old) Seventh Circuit precedent, *see Oliva*, 14-cv-6447, Dkt. #36, but it was similarly reasonable for PRA to rely on FAL to follow the law when filing suit on its behalf.

II. **PRA Moves for Judgment in Delitz, Damita v. PRA (14-cv-10176) because Plaintiff was Never Served with the Collection Suit Which Defeats Her Claim as a Matter of Law.**

PRA additionally moves for judgment in *Delitz v. PRA*, 14-cv-10176 on the grounds that Plaintiff's claim fails as a matter of law because she was never served with the underlying collection case. Plaintiff brings claims under the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. §1692i(a)(2) against PRA based upon a state court collection lawsuit filed against her due to her unpaid financial obligation. (PRA's Statement of Material Facts, ¶3-4). Plaintiff's alleged violation of the FDCPA fails because Plaintiff was never served with the collection lawsuit. This court has already held that a plaintiff cannot sustain a §1692i claim if he/she was not served with the alleged legal action at issue. *See Knight v. Blatt, Hasenmiller, Leibsker, & Moore LLC et. al.*, No. 14-cv-8169

4

(N.D. Ill. Mem. Op. & Order dated May 6, 2015); *Serna v. Law Offices of Joseph Onweteaka, P.C.*, 732 F.3d 440, 450 (5th Cir. 2013); *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002). She therefore brings claims premised upon a lawsuit she never ever learned of much less took any action to defend. Consequently, PRA is entitled to judgment in its favor and against Plaintiff.

On May 2, 2014, PRA filed a collection suit against Plaintiff in the Richard J. Daley Center Courthouse of the Circuit Court of Cook County, Illinois, First Municipal District. (PRA's SMF, ¶3). Plaintiff was never served with the collection suit. (PRA's SMF, ¶6 & 9). On February 6, 2015, PRA filed a motion to dismiss the lawsuit and on February 23, 2015, and the state court dismissed the case without prejudice. (PRA's SMF, ¶7-8). On December 18, 2014, Plaintiff filed the instant lawsuit alleging PRA violated FDCPA § 1692i(a)(2) because it filed the collection case at the Daley Center, in the First Municipal District of the Cook County Circuit Court, rather than at the Maywood Courthouse, located in the Fourth Municipal District where Plaintiff lives. (PRA's SMF, ¶10).

Plaintiff's entire claim presumes that the mere filing of the collection complaint automatically constitutes a violation of §1692i of the FDCPA. However, a §1692i violation cannot be alleged until the debtor is served with the complaint, giving the debtor notice of the existence of the alleged violation. *Knight v. Blatt, Hasenmiller, Leibsker & Moore, LLC, et. al.,* No. 14-cv-8169 (N.D. Ill. Mem. Op. & Order dated May 6, 2015)(Norgle, J.)(Granting 12(c) motion on identical §1692i claim because debtor was not served with collection case); *Orellana-Sanchez v. Pressler & Pressler, LLP*, No. 12-6309, 2015 WL 532517, at *6 (D.N.J. Feb. 6, 2015) ("a violation does not arise under § 1692i(a)(2) until the alleged debtor receives notice of the suit and is forced to respond."); *Serna v. Law Offices of Joseph Onweteaka, P.C.*, 732 F.3d 440, 450 (5th Cir. 2013) (a violation of § 1692i(a)(2) could not have occurred until the debt-collection suit is filed *and* the debtor is notified of the suit through service); *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002) ("where the plaintiff's FDCPA claim arises from the instigation of a debt collection suit, the plaintiff does not have a

5

complete and present cause of action . . . and thus no violation occurs . . . until the plaintiff has been served."); *Bynum v. Cavalry Portfolio Servs, L.L.C.*, No. 04CV0515CVEPJC, 2005 WL 2789199, at *3 (N.D. Okla. Sept. 29, 2005) (dismissing plaintiff's FDCPA claim based on filing of collection action where plaintiff was never served).

The Plaintiff complains that a collection action was filed against her in an inconvenient forum, which <u>would have</u> required her to travel to a distant forum to defend the litigation. However, Plaintiff was never served with the summons and complaint and therefore obviously was never required to appear to defend the case.

Recently, in *Knight v. Blatt, Hasenmiller, Leibsker, & Moore LLC et. al.*, Judge Norgle rejected the exact claim Plaintiff asserts here and granted defendants' motion for judgment on the pleadings, concluding that there can be no §1692i violation if the debtor was never served. No. 14-cv-8169 (N.D. Ill. May 6, 2015). Just as is the case here, the plaintiff in *Knight* sued his creditor as well as the collection law firm the creditor hired to file a state court collection action. *Knight v. Blatt, Hasenmiller, Leibsker, & Moore LLC et. al.*, No. 14-cv-8169 (N.D. Ill. May 6, 2015). The defendants filed the action in the Daley Center while the nearest courthouse to the debtor was in Rolling Meadows. *Id.* at *1. The Court in *Knight* relied upon the Fifth Circuit's decision in *Serna v. Law Offices of Joseph Onwuteaka, P.C.*, which similarly concluded that a §1692i violation does not occur until the debtor is "forced to respond in a distant forum." *Id.* at *2 (citing 732 F.3d 440, 445 (5th Cir. 2013)).

In *Knight*, the court further discussed *Suesz v. Med-1 Solutions,* in which the Seventh Circuit was concerned with entries of default judgments, and stated that "default judgments cannot be obtained unless and until a defendant is served with a lawsuit." *Id.* at *3. The *Knight* Court reasoned that the *Suesz* decision suggests that "service or notice of the lawsuit is crucial to a violation of the venue provision, as the mere filing of a complaint cannot alone lead to the danger that the provision seeks to protect – namely, a default judgment." *Id.* at *3.

6

The conclusion that no § 1692i violation occurs until the debtor is served aligns squarely with the process required to obtain a default judgment. "A judgment's validity is dependent upon the court having both jurisdiction of the subject matter of the litigation and of the parties." *Dec & Aque v. Manning*, 248 Ill. App. 3d 341, 347, 618 N.E.2d 367, 372 (1993) citing *State Bank of Lake Zurich v. Thill* (1986), 113 Ill. 2d 294, 100 Ill. Dec. 794, 497 N.E.2d 1156. "Personal jurisdiction can be obtained only by service of process as provided by statute, unless it has been waived by a general appearance in the action." *Dec & Aque*, 248 Ill. App. 3d at 347 citing *Thill,* 113 Ill. 2d at 308, 100 Ill. Dec. 794, 497 N.E.2d 1156.

Consequently, the Circuit Court of Cook County never had jurisdiction over Plaintiff because she was not served with the summons and complaint. Plaintiff was never forced to respond to the collection case, and no default judgment could have been entered against, nor could any wages be garnished. PRA did not sue Plaintiff and instead dismissed the suit in light of *Suesz*. Thus, Plaintiff's alleged §1692i claim fails as a matter of law as no violation was triggered because service was not effectuated.

## **CONCLUSION**

For the forgoing reasons, summary judgment should be entered in favor of Defendant, Portfolio Recovery Associates, LLC ("PRA") and against Plaintiffs in:

1. *Adams, Michael v. Freedman Anselmo Lindberg, LLC and Portfolio Recovery Associates*, LLC (14-cv-7812);
2. *Oliver, George v. Freedman Anselmo Lindberg, LLC and Portfolio Recovery Associates, LLC* (15-cv-00558); and
3. *Delitz, Damita v. Portfolio Recovery Associates, LLC,* (15-cv-10176).

131115171v1 0965927

            Respectfully Submitted,

            Portfolio Recovery Associate, LLC

           By:/s/ Lindsey A.L. Conley
              One of Its Attorneys

David M. Schultz
Avanti D. Bakane
Lindsey A.L. Conley
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
dschultz@hinshawlaw.com
abakane@hinshawlaw.com
lconley@hinshawlaw.com
Phone No.:  312-704-3000

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 15, 2015, I electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois Eastern Division, the foregoing **Supplemental Memorandum in Support of Motion for Summary Judgment** by using the CM/ECF system, which will send notification of such filing(s) to:

Mohammed Badwan
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, IL  60523
E-mail:  mbadwan@sulaimanlaw.com

          */s/ Lindsey A.L. Conley*

131115171v1 0965927