```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

| | |
|---|---|
| JULIA MALDANADO, | Case No. 14 C 6694 |
| | consolidated with |
| Plaintiff, | 14 C 7091 |
| | 14 C 7092 |
| | 14 C 7371 |
| v. | 14 C 7373 |
| | 14 C 7374 |
| | 14 C 7812 |
| FREEDMAN ANSELMO LINDBERG, | 14 C 8175 |
| LLC, | 14 C 10176 |
| | 15 C 558 |
| Defendant. | 15 C 607 |
| | 15 C 1097 |
| | 15 C 1124 |
| | 15 C 2538 |
| | |
| | **Judge Harry D. Leinenweber** |

## ORDER

The Court reaffirms the granting of the Motions for Summary Judgment for all of the cases assigned to it with the exception of *Delitz v. Portfolio Recovery Associates, LLC,* Case No. 14 CV 10176 and *Guy v. Freedman Anselmo Lindberg, LLC and Portfolio Recovery Associates, LLC,* Case No. 15 CV 2538. In these two cases the Court grants the Defendants' Motions for Summary Judgment and denies the Plaintiffs' Motions.

## STATEMENT

On October 7, 2015, this Court issued an oral ruling granting the Plaintiffs' Motions for Summary Judgment and denying Defendants' Motions. It was brought to the Court's attention that two of the Plaintiffs, *Delitz v. Portfolio*

*Recovery Associates, LLC* in Case No. 14 CV 10176, and *Guy v. Freedman Anselmo Lindberg, LLC and Portfolio Recovery Associates, LLC* in Case No. 15 CV 2538, while they were sued in an incorrect venue after *Suesz v. Med-1 Solutions, LLC,* 757 F.3d 636 (7th Cir. 2014), had not been served with Summons prior to the voluntary dismissals of the cases against them. At the Court's request the Defendant has filed with the Court, five (5) decisions of other judges of the Northern District of Illinois, where the issue was whether a violation of Section 1692(i) occurred prior to the service of Summons on the debtor Defendant. *Knight v. Blatt, Hasenmiller, Leibsker & Moore LLC, et al.,* No. 14-cv-8169 (N.D. Ill. May 6 2015) (Judge Charles Norgle); *Abu Samra v. Cavalry SPV I, LLC,* No. 14-cv-9422 (N.D. Ill. August 5, 2015) (Judge Robert Dow); *Betts v. Portfolio Recovery Associates, LLC,* No. 15-cv-1248 (N.D. Ill. August 31, 2015) (Judge Elaine Bucklo); *Taylor v. Blitt & Gaines, P.C.,* No. 14-cv-5781 (N.D. Ill. October 1, 2015) (Judge John Darrah); and *Gillis v. Blitt & Gaines, P.C. and Cavalry SPV I, LLC,* Case No. 14-cv-5782 (N.D. Ill. October 1, 2015) (Judge John Darrah. In each of the five cases the judges held that this section requires both the filing in the improper venue and service of Summons.

While the Seventh Circuit has not ruled on this specific point, the Fifth Circuit has. *See, Serna v. Law Office of Joseph Onwuteaka, P.C.,* 732 F.3d 440, 445 (5th Cir. 2013). The court's reasoning was that the debtor-defendant does not experience the harm that Section 1692(i) seeks to prevent, *i.e.,* having to take steps such as hiring a lawyer to defend a claim in a distant venue, until he has notice of the suit. This Court does not see any reason not to follow the Fifth Circuit decision as well as the Court's five colleagues.

Therefore, the Court reaffirms the granting of the Motions for Summary Judgment for all of the cases assigned to it with the exception of *Delitz v. Portfolio Recovery Associates, LLC*, Case No. 14 CV 10176 and *Guy v. Freedman Anselmo Lindberg, LLC and Portfolio Recovery Associates, LLC,* Case No. 15 CV 2538. In these two cases the Court grants the Defendants' Motions for Summary Judgment and denies the Plaintiffs' Motions.

                                          Harry D. Leinenweber, Judge
                                          United States District Court

Dated: October 23, 2015